**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____
)
)
)
MHA, LLC, D/B/A MEADOWLANDS )
HOSPITAL MEDICAL CENTER, )   Civil Action No. 2:13-cv-06036-SDW-MCA
       Plaintiff, )
)
  v. )
) **OPINION**
HEALTHFIRST, INC., HEALTHFIRST )
HEALTH PLAN OF NEW JERSEY, )
INC., SENIOR HEALTH PARTNERS, )   February 27, 2015
INC., MANAGED HEALTH, INC., HF )
MANAGEMENT SERVICES, LLC, )
HEALTHFIRST PHSP, INC., and AND )
Companies 1-100, and JOHN DOES 1-100 )
      Defendants. )
_____

**WIGENTON**, District Judge.

     Before this Court is a Motion to Dismiss filed by Defendants Healthfirst, Inc., Healthfirst

Health Plan of New Jersey, Inc., Senior Health Partners, Inc., Managed Health, Inc., HF

Management Services, LLC, Healthfirst PHSP, Inc. and ABC Companies 1-100, and John Does

1-100 (collectively referred to as "Defendants") for failure to state a claim upon which relief may

be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), lack of personal

jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) ("Rule 12(b)(2)") and a Motion

to Strike pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"), and a Cross-Motion for

Leave to File the First Amended Complaint filed by Plaintiff MHA, LLC, d/b/a/ "Meadowlands

Hospital Medical Center" ("MHA" or "Meadowlands").

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.  Venue is proper pursuant to 28 U.S.C. § 1391.  This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons stated below, this Court **GRANTS** Defendants' Rule 12(b)(6) Motion to Dismiss and **DENIES** Plaintiff's Cross-Motion for Leave to File an Amended Complaint.

**BACKGROUND**

*The Parties*

Plaintiff is a privately held, limited liability company, which operates a general acute hospital in Secaucus, New Jersey.  (Compl. ¶1-2.)

Defendant Health First, Inc. is a New York corporation that administers health care plans around the country through its various wholly owned and controlled subsidiaries, including Defendants HealthFirst PHSP, Inc., Managed Health, Inc., HF Management Services, LLC, Senior Health Partners, Inc., and HealthFirst Health Plan of New Jersey, Inc.  (Compl. ¶3.)

Defendant HealthFirst Health Plan of New Jersey, Inc. ("HFNJ") is a wholly-owned subsidiary of HealthFirst, Inc.  (Kianovsky Cert. ¶2.)  HFNJ is a not-for-profit managed care organization ("MCO"), which provides insurance to eligible individuals in New Jersey through Medicare and New Jersey Medicaid.  (*Id.*)  During the relevant time period, HFNJ contracted with the State of New Jersey as an authorized Health Management Organization ("HMO") to offer Medicaid managed care plans and to provide coverage to New Jersey Medicaid beneficiaries.  (*See* Compl. ¶¶4, 96.)

### Factual Allegations

Plaintiff's claims are premised on Defendants' alleged non-payment for medical services provided by Plaintiff to HFNJ Medicaid beneficiaries.  (Compl. ¶9.)  Plaintiff was not under contract with any of the Defendants.  (*Id.* at 11.)

Plaintiff argues that Defendants underpaid, denied, or failed to timely pay Plaintiff's claims for services rendered.  (Am. Compl. ¶3.)  Plaintiff alleges that Defendants' malfeasance involved (a) denying coverage to patients who receive emergency care at Meadowlands, (b) downgrading the state of emergency patient conditions in order to avoid coverage and payment obligations, (c) refusing to properly pay legitimate claims for the treatment of the Defendants' subscribers, and enrollees, and (d) denying and/or improperly limiting the Plaintiff's level of responsibility when the Defendants' enrollees and plan subscriber/participants receive emergency room treatment at Meadowlands, as required by many of the relevant insurance plans and/or policies, by contract with the State of New Jersey and applicable law.  (*Id.* at ¶21.)

Plaintiff alleges during the period from December 2010 through May 2014, Defendants paid $2,915,290.32 out of MHA invoices totaling $32,431,982.47, leaving a balance of $29,516,692.15, including interest and other charges.  (Am. Compl. ¶14.)

### Procedural History

On September 6, 2013, Plaintiff filed its complaint in Bergen County Superior Court. (Defs.' Mot. to Dismiss ("Defs.' Mot.") 15).  On October 10, 2013, Defendants removed the action to this Court on the basis of federal question jurisdiction.  (Dkt. No. 1.)  Plaintiff initially opposed removal and moved to remand back to state court but Plaintiff subsequently submitted an application to withdraw its motion to remand, and the Court so ordered its application.  (Defs.' Mot. 15.)

On July 11, 2014, Defendants filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6), 12(b)(2) or, in the alternative, 12(f).  (Dkt. No. 26.)  On August 26, 2014, Plaintiff filed its opposition and a Cross-Motion for Leave to Amend the Complaint.  (Dkt. No. 32.)

## LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [plaintiff]."   *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (internal citations omitted).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."  *Twombly*, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Smith v. Barre*, 517 F. App'x. 63, 65 (3d Cir. 2013) (internal citations omitted).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

In *Fowler v. UPMC Shadyside*, the Third Circuit devised "a two-part analysis." 578 F.3d 203, 210 (3d Cir. 2009). First, the court must separate the complaint's factual allegations from its legal conclusions. *Id.* at 210-11. Having done that, the court must take only the factual allegations as true and determine whether the plaintiff has alleged a "plausible claim for relief." *Id.* (quoting *Iqbal,* 566 U.S. at 679).

**DISCUSSION**

As a threshold matter, Plaintiff voluntarily dismisses its initial claims for negligent misrepresentation (Count Three) and violation of the Unfair Claim Settlement Practices section of the Insurance Trade Practices Act (Count Six). (Pl.'s Opp. 2-3; *See* Compl.) Plaintiff also dismisses its claims against Defendants Healthfirst, Inc., Senior Health Partners, Inc., Managed Health, Inc., and Healthfirst PHSP.[1] (*Id.*) As such, this Court will address the remaining Counts in relation to the remaining Defendants.

***Plaintiff's Medicaid-Based Claims: Counts One, Two, Four, and Five***

Medicaid is a federal and state government program that provides financial benefits to low-income individuals. *See* U.S.C. §§ 1396 *et seq*. New Jersey participates in Medicaid and its beneficiaries enroll in MCOs pursuant to a contract between the MCO and the State of New Jersey.

---

[1] Accordingly, there is no need to address Defendants' arguments for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction regarding these voluntarily dismissed Defendants.

*New Jersey Primary Care Ass'n Inc. v. New Jersey Dep't of Human Servs.*, 722 F.3d 527, 529-30 (3d Cir. 2013); N.J.A.C. § 10:74-1.2(a)-(c).

In 2006, the State of New Jersey enacted the Health Claims Authorization, Processing and Payment Act ("HCAPPA"), which essentially calls for an administrative resolution to claims disputes between providers and HMOs. *See* N.J.S.A. § 26:2J-8.1(e)(1). HCAPPA requires that organizations such as Defendant "establish an internal appeal mechanism to resolve any disputes raised by a health care provider." N.J.S.A. § 26:2J-8.1(e)(1). If a healthcare provider initiates an appeal, "[t]he payer shall conduct a review of the appeal." *Id.* If the dispute is not resolved through the payer's internal appeal mechanism, the statute provides that the appeal "may be referred to arbitration." N.J.S.A. § 26:2J-8.1(e)(2). The statute further provides that the Commissioner of the Department of Banking and Insurance ("DOBI") must contract with an "organization that specializes in arbitration to conduct the arbitration proceedings." § 26:2J-8.1(e)(2). The result of this decision is "nonappealable and binding on all parties to the dispute." N.J.S.A. § 26:2J-8.1 (e)(4)(c).

Here, when Plaintiff sought to dispute Defendant's alleged failure to make adequate payments, Defendant referred Plaintiff to a third-party claims administrator to resolve the dispute. (Am. Compl. ¶ 71.) Plaintiff became frustrated with the attempts to reconcile the alleged unpaid and underpaid claims. (*Id.* at ¶¶ 72-73.) Plaintiff claims it "was unable to satisfy the outstanding claims or achieve any meaningful progress in the appeals process." (*Id.* at ¶ 70.) This is all that Plaintiff alleges regarding its attempts to appeal Defendant's alleged failure to make adequate payments. (*See id.* at ¶¶ 69-73.) Although Plaintiff asserts that it sought initial appeals through Defendant's internal appeal mechanism, Plaintiff does not allege that they continued through the statutory appeal procedures. (*See* Am. Compl. ¶¶ 69-73.) Furthermore, Plaintiff does not set forth

in its Complaint nor the proposed amended complaint that it sought to resolve its appeal within the 90-day period "following the receipt of the determination which is the basis of the appeal." N.J.S.A. § 26:2J-8.1(e)(2). (*See* Am. Compl. ¶¶ 69-73.)  Finally, Plaintiff provides no indication that it has participated in DOBI-sponsored arbitration or that pursuing arbitration would have been futile.  (*See* Am. Compl. ¶¶ 69-73.)

Accordingly, this Court finds that Plaintiff's Medicaid-based claims are dismissed because neither the Complaint nor the proposed amended complaint aver that Plaintiff availed itself of— or exhausted all of—the statutorily available procedures for resolving the disputed claims.  *See Gregory Surgical Services, LLC, v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. 06-0462, 2009 WL 749795, *4 (D.N.J. Mar. 19, 2009) (granting the defendant's motion to dismiss a nonparticipating provider's common law claims against a health insurer for failure to exhaust administrative remedies).  Because Plaintiff does not allege sufficient factual matter to state a claim for relief that is plausible on its face, Plaintiff's Medicaid-based claims are dismissed.

### *Plaintiff's Medicare-Based Claims: Counts One, Two, Four, and Five*[2]

Medicare is a federally-funded program that provides health insurance to the elderly and disabled.  42 U.S.C. § 1395c.  Organizations such as Defendants provide benefits to Medicare beneficiaries under Medicare Part C, also known as Medicare Advantage ("MA").  *In re Avandia Mktg., Sales Practices and Products Liab. Litig.*, 685 F.3d 353, 357 (3d Cir. 2012).  The MA statute provides, in relevant part:

---

[2] Defendants' Motion to Strike Plaintiff's Medicare-based claims as "immaterial" pursuant to Federal Rule of Civil Procedure 12(f) is moot.  Contrary to Plaintiff's position in its motion to remand to state court, Plaintiff is now seeking recovery related to its Medicare beneficiaries. (*See* Pl.'s Opp. 35; Dkt. No. 13.)

> The standards established under this part shall supersede any State law or regulation (other than State licensing laws or State laws relating to plan solvency) with respect to MA plans which are offered by MA organizations under this part.

42 U.S.C. § 1395w-26(b)(3).

Plaintiff voluntarily dismisses its Medicare-based claims as to Counts One and Two of the Complaint.  (Pl.'s Opp. 36.)  In relation to Counts Four (unjust enrichment) and Five (quantum meruit), Plaintiff argues that the MA statute is not as broad as Defendants suggest, as it does not preempt all state laws and regulations that establish standards for MA organizations.  (Pl.'s Opp. 36-39.)  In support, Plaintiff primarily relies on *New York City Health and Hosps. Corp. v. Wellcare of New York, Inc.*, 801 F. Supp. 2d 126 (S.D.N.Y. 2011).  Defendants counter that the *Wellcare* court acknowledged the MA statute preempts at least some common law claims. (Defs.' Reply 23.)

This Court finds that under the present facts, the MA statute preempts Plaintiff's common law claims of unjust enrichment and quantum meruit.  The Medicare regulations specifically encompass Plaintiff's common law allegations because the regulations list services for which an MA organization must reimburse a provider, cap the rates for non-participating providers, and include standards for the timing of claims.  *See* 42 C.F.R. § 422.100(b)(1); *See also* 42 C.F.R. § 422.214(b).  Here, Plaintiff's common law claims are expressly preempted by the MA statute because Plaintiff's allegations are directly controlled by federal standards.  *See Do Sung Uhm v. Humana Inc.*, 620 F.3d 1134, 1154-55 (9th Cir. 2010).

**CONCLUSION**

For the reasons stated above, this Court **GRANTS** Defendants' Rule 12(b)(6) Motion to Dismiss and **DENIES** Plaintiff's Cross-Motion for Leave to File an Amended Complaint.[3]


s/ Susan D. Wigenton, U.S.D.J.


Orig:  Clerk
cc:   Parties
    Magistrate Judge Steven C. Mannion

---

[3] For the reasons stated in the 12(b)(6) discussion of this Opinion, Plaintiff is not granted leave to amend.  Overall, this Court finds that an amended complaint would be futile in light of Plaintiff's failure to exhaust the administrative remedies available to it.  Further, the MA statute preempts Plaintiff's unjust enrichment and quantum meruit claims.